FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

FEB 23 2011

JAMES N. HATTEN, Clerk
By
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS BROWN, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| ALDELE GRUBBS, Cobb County | : | CIVIL ACTION NO. |
| Superior Court Judge; et al., | : | 1:11-CV-0135-TWT |
| Defendants. | : | |

## ORDER AND OPINION

Plaintiff, presently confined in the Elmira Correctional Facility in Elmira, New York, has filed this pro se civil rights action. (Doc. 1). On January 25, 2011, the Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 3). The matter is now before the court for a 28 U.S.C. § 1915A frivolity screening.

## I. The Standard of Review for Screening Prisoner Civil Rights Actions

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal for failure to state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); see also Ashcroft v. Iqbal, 129 U.S. 1937, _, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that

2

are couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II. Plaintiff's Allegations

Plaintiff brings this action against Cobb County Superior Court Judge Aldele Grubbs, Assistant District Attorney ("ADA") Kevin Barger, and Probation Officer Debra Williams. (Doc. 1 at 1, 3). Plaintiff alleges that, on September 24, 2008, he was arrested and charged with theft by conversion and forgery. (Id. ¶ IV). Plaintiff complains that defendants violated his constitutional rights during the criminal proceeding that resulted in his convictions on those charges. (Id. ¶ IV, Attach.; Doc. 4). Plaintiff seeks only monetary relief. (Doc. 1 ¶ V).

Judge Grubbs and ADA Barger are entitled to absolute immunity from this suit. See Mireles v. Waco, 502 U.S. 9, 9-12 (1991); Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government," including "the initiation and pursuit of criminal prosecution" (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993), and Imbler, 424 U.S. at 431)). Moreover, to recover damages for Plaintiff's allegedly unconstitutional conviction, he must first demonstrate that his "conviction or sentence

3

has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). If this type of action is brought prior to the invalidation of the challenged conviction or sentence, it must, therefore, be dismissed as premature. Id. at 487. In this case, Plaintiff has not alleged that his conviction or sentence has been reversed or otherwise called into question.

### III.  Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that this pro se civil rights action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED**, this *23* day of *February*, 2011.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)